IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROY MILLS,

       Plaintiff,

v.                                                                                   No. CV 16-573 CG

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Roy Mills' *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support* (the "Motion"), (Doc. 26), filed September 7, 2017; *Defendant's Response to Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act* (the "Response"), (Doc. 27), filed September 15, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 30), filed October 6, 2017. Having reviewed the Motion, the Response, the Reply, and the relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

**I.**     **Background**

On April 23, 2013, Mr. Mills filed applications for supplemental security income and disability insurance benefits, alleging disability beginning August 2, 2011. (Administrative Record "AR" 16). His applications were denied initially and upon reconsideration, (AR 16), and following a hearing before Administrative Law Judge ("ALJ") Ann Farris, (AR 29). Mr. Mills thereafter filed for review by the Appeals Council,

(AR 12), which was denied, (AR 7-9), making the ALJ's decision the final decision of the Commissioner of the Social Security Administration (the "Commissioner").

Mr. Mills then appealed to this Court, arguing the ALJ erred in considering and weighing the opinions of Psychiatric Mental Health Practitioner ("PMHNP") Jayanna Warwick and non-examining State Agency psychologist Carol Mohney, Ph.D. (Doc. 17 at 14-19). Finding that the ALJ failed to properly consider and weigh Ms. Warwick's and Dr. Mohney's opinions, the Court granted Mr. Mills' Motion and remanded the Commissioner's decision. (Doc. 24).

Mr. Mills now moves the Court for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 26). He argues that an award of attorney's fees is appropriate because he was the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. *Id.* at 1.

**II.  Analysis**

  A. Standard of Review

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party;' (2) the position of the United States was not 'substantially justified;' and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified. (Doc. 27).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In

2

order to be substantially justified, the government's position must be "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.*

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 Fed. Appx. 913, 916 (10th Cir. 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Human Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

B. The Commissioner's Position Was Not Substantially Justified

*1. Ms. Warwick's Opinions*

Ms. Warwick performed a Medical Assessment of Ability to Do Work-Related Activities (Mental) for Mr. Mills, in which she found that Mr. Mills has marked difficulty in: remembering locations and work-like procedures; understanding and remembering detailed instructions; and accepting instructions and responding appropriately to criticism from supervisors. (AR 774-75). Ms. Warwick also found that Mr. Mills has moderate difficulty in: understanding and remembering very short and simple instructions; carrying out detailed instructions; maintaining attention and concentration for extended periods of time (i.e. 2-hour segments); making simple work-related decisions; completing a normal workday and workweek without interruptions from psychological-based symptoms, and performing at a consistent pace without an

3

unreasonable number and length of rest periods; getting along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintaining socially appropriate behavior and adhering to basic standards of neatness and cleanliness; responding appropriately to changes in the work place; traveling in unfamiliar places or using public transportation; and setting realistic goals or making plans independently of others. *Id.*

The ALJ stated that she gave Ms. Warwick's opinions little weight because they are not consistent with her treatment notes, she is not an acceptable medical source, and she has not observed Mr. Mills in a work setting. (AR 25-26). In support of these reasons, the ALJ relied on Ms. Warwick's notes that Mr. Mills' memory was intact and that he was alert and oriented at each of his three visits with her, and that Ms. Warwick's "treatment notes do not provide any justification as to why [Mr. Mills] would have difficulty handling criticism from supervisors." *Id.*

The Court found that, even though Ms. Warwick was a non-acceptable medical source, the ALJ was still required to adequately explain why she rejected Ms. Warwick's opinions as to Mr. Mills' limitations. (Doc. 24 at 14). The Court found that the ALJ erred by failing to specify which of Ms. Warwick's opinions she gave little weight, and by failing to explain how she considered and resolved material inconsistencies and ambiguities in the evidence in the record. *Id.* at 14-16 (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (holding that "the absence of findings supported by specific weighing of the evidence" in the record leaves the Court unable to assess whether relevant evidence adequately supports the ALJ's conclusion)).

In response to Mr. Mills' Motion to Reverse or Remand, the Commissioner argued that the ALJ properly assigned Ms. Warwick's opinions little weight because Ms. Warwick had only treated Mr. Mills on three occasions, so she "did not have a longitudinal picture of his mental functioning," and because the ALJ's decision is supported by other evidence in the record. (Doc. 21 at 9-11). The Court rejected these contentions because they were not given by the ALJ as reasons for her rejection of Ms. Warwick's opinions; therefore, they were improper *post hoc* rationalizations by the Commissioner. (Doc. 24 at 15-16). In addition, the Commissioner argued that the ALJ properly discounted Ms. Warwick's opinions because they were not supported by Ms. Warwick's own treatment notes. (Doc. 21 at 10). In considering this contention, the Court reasoned that, even though Ms. Warwick noted that Mr. Mills' memory was intact and that he was alert and oriented at his visits with her, other findings in the record supported Ms. Warwick's opinions that Mr. Mills has multiple limitations. (Doc. 24 at 15). Therefore, the Court found that the ALJ's failure to account for how she resolved these inconsistencies constituted legal error. *Id.* at 15-16.

The Commissioner now argues that her position below was substantially justified with regard to the ALJ's consideration of Ms. Warwick's opinions. The Commissioner first contends that she did not supply an improper *post hoc* rationalization by arguing that Ms. Warwick did not have a longitudinal picture of Mr. Mills' mental functioning. (Doc. 27 at 3). The Commissioner states that this was not a *post hoc* rationalization because the Commissioner "was expanding on the ALJ's explicit statement that Ms. Warwick had 'three visits' with [Mr. Mills] shown by the record, at which Plaintiff was noted to be alert and oriented." *Id.* (citing AR 25). Contrary to the Commissioner's

5

assertion, however, the ALJ did not state that one of her reasons for rejecting Ms. Warwick's opinions was the fact that she saw Mr. Mills only three times. Instead, the ALJ stated she gave Ms. Warwick's opinion little weight because it is not consistent with her treatment notes, and then stated that Ms. Warwick "noted that [Mr. Mills'] memory was intact and that he was alert and oriented at each of his three visits with her." (AR 25). The Court, therefore, finds that the Commissioner was not substantially justified in her contention that the ALJ properly rejected Ms. Warwick's opinions because she did not have a longitudinal picture of Mr. Mills' mental functioning.

Next, the Commissioner contends she did not provide an improper *post hoc* rationalization when she argued that Ms. Warwick's opinions were inconsistent with other opinions in the record. (Doc. 27 at 4). Because the ALJ discussed these other opinions in her decision, the Commissioner contends that "it was reasonable to rely on that as an additional basis for rejecting Ms. Warwick's opinion." *Id.* As explained in the Memorandum Opinion and Order, however, the ALJ did not state that she rejected Ms. Warwick's opinions because they were inconsistent with other opinions in the record. (Doc. 24 at 16). Moreover, Ms. Warwick's opinions regarding Mr. Mills' limitations are consistent with other, similar findings in the record. *See* (AR 271, Dr. Hughson's findings of moderate limitations in carrying out instructions, working without supervision, and interacting with the public; AR 40-41, Dr. Mohney's findings of moderate limitations in working without supervision, making simple work-related decisions, interacting with the public and supervisors, and responding appropriately to changes in the workplace; AR 53-54, Dr. Atkins' findings of moderate limitations in maintaining attention and concentration for extended periods, working without supervision, making simple work-

related decisions, interacting with the public and supervisors, and responding appropriately to changes in the workplace). Therefore, the Court finds that the Commissioner was not substantially justified in her contention that the ALJ properly rejected Ms. Warwick's opinions because they were inconsistent with other opinions in the record.

### 2. Dr. Mohney's Opinions

Dr. Mohney conducted an MRFC Assessment on December 10, 2012. (AR 39-41). In Section I of the MRFC, Dr. Mohney found that Mr. Mills has moderate limitations in: understanding and remembering detailed instructions; carrying out detailed instructions; maintaining attention and concentration for extended periods; sustaining an ordinary routine without special supervision; making simple work-related decisions; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; and responding appropriately to changes in the work setting. (AR 40-41). In Section III of the MRFC, Dr. Mohney explained several, but not all, of these findings in narrative form. As to Mr. Mills' sustained concentration and persistence capacities, Dr. Mohney stated that Mr. Mills has borderline intellectual capacity, and that he requires limits in working without any supervision and in making work-related decisions. (AR 40). For adaptation limitations, Dr. Mohney found that Mr. Mills "could respond to changes in [the] workplace slowly." (AR 41). Finally, Dr. Mohney found that Mr. Mills "can understand, remember and carry out simple instructions, make simple decisions, attend and concentrate for two hours at a time, interact adequately with co-workers and supervisors, and respond appropriately to changes in a routine work setting." *Id.*

7

In her decision, the ALJ noted that, on June 12, 2013, State Agency psychological consultant Dr. Atkins affirmed Dr. Mohney's findings. (AR 26 and 51). The ALJ gave Dr. Mohney's and Dr. Atkins' opinions moderate weight, stating that "they are experienced at reviewing records and assigning mental health restrictions," but that "more recent evidence dose [sic] support a finding that [Mr. Mills] would to [sic] better with less interaction with the public and co-workers." (AR 26). The ALJ translated Dr. Mohney's findings into only two nonexertional limitations: working with short and simple instructions, and only occasional and superficial interaction with the general public and co-workers. (AR 23).

In response to Mr. Mills' Motion to Reverse or Remand, the Commissioner argued that Dr. Mohney's findings of moderate limitations were made in the Section I worksheet portion of her assessment, which does not constitute an RFC assessment. (Doc. 21 at 12). The Commissioner argued that the ALJ did not need to include the moderate limitations indicated in Section I because she relied on Dr. Mohney's Section III narrative conclusion. *Id.* The Commissioner further argued that the ALJ's RFC determination was consistent with Dr. Mohney's narrative conclusions. *Id.* at 13-14. The Court disagreed, finding that the ALJ's RFC determination failed to account for Dr. Mohney's findings that Mr. Mills requires limits in working without supervision, and has moderate limitations in accepting instructions and responding appropriately to criticism from supervisors. (Doc. 24 at 20-21).

In addition, the Commissioner relied on *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016), for her contention that the ALJ did not need to discuss Dr. Mohney's Section I findings because the ALJ relied on her Section III narrative. (Doc. 21 at 12,

8

14). The Court rejected this contention, explaining that in *Smith*, the Tenth Circuit did not base its holding on the fact that the ALJ relied on Section III rather than Section I. (Doc. 24 at 21-22). The Court explained that a discrepancy between Sections I and III "does not mean, of course, that the ALJ should turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III." *Id.* at 22 (citing *Lee v. Colvin*, 631 Fed. Appx. 538, 541 (10th Cir. 2015) (unpublished)). Therefore, the Court found that the ALJ was required to consider Dr. Mohney's findings in Section I that were not encompassed by her Section III narrative.

Finally, the Court rejected the Commissioner's argument that the ALJ's RFC limiting Mr. Mills to unskilled work sufficiently captured Dr. Mohney's findings. (Doc. 21 at 14). The Court explained that a limitation to unskilled work does not necessarily address an individual's mental limitations, and that Dr. Mohney's findings regarding Mr. Mills' mental limitations could affect jobs classified as unskilled. (Doc. 24 at 22) (citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015)). The Court held that "[w]ithout sufficient analysis from the ALJ or the VE as to these limitations, . . . the Court cannot say that limiting Mr. Mills to unskilled work would accommodate these limitations." *Id.*

The Commissioner now argues that her position was substantially justified with regard to the ALJ's consideration of Dr. Mohney's opinions because agency policy and Tenth Circuit case law support her contention that the ALJ's RFC determination adequately captured and accounted for the limitations found by Dr. Mohney. (Doc. 27 at 5-7). The Commissioner maintains that the ALJ was not required to include the various limitations set forth in Section I of Dr. Mohney's opinion because the ALJ relied on her Section III narrative findings, and that the ALJ's limitation to unskilled work

9

accommodated Dr. Mohney's findings of mental limitations. *Id.* Finally, the Commissioner states that "the Court appeared throughout its decision to be primarily troubled by the ALJ's level of articulation," and that, because there was evidence in the record to support the ALJ's decision, the Commissioner's position was substantially justified. *Id.* at 7-8.

Agency policy and Tenth Circuit case law explain that Section I of an MRFC is for recording summary conclusions, and that Section III is the physician's formal mental RFC assessment; however, this guidance further instructs that the degree and extent of limitations found in Section I must be described in narrative format in Section III. *See* Social Security Administration's Program Operations Manual System ("POMS") POMS DI 25020.010 B.1., 24510.060 B.4.a., 24510.063 B.2., and 24510.065 A; *Carver v. Colvin*, 600 Fed. Appx. 616, 618-19 (10th Cir. 2015) (unpublished). Therefore, if a consultant's "Section III narrative fails to describe the effect that each of the Section I moderate limitations would have on the claimant's ability . . . the [MRFC] cannot properly be considered part of the substantial evidence supporting an ALJ's RFC finding." *Carver*, 600 Fed. Appx. at 619.

In her Section III narrative, Dr. Mohney accounted for many of the limitations she found in Section I. *See* (AR 40-41). However, Dr. Mohney's Section III narrative did not account for her Section I findings that Mr. Mills has moderate limitations in his ability to sustain an ordinary routine without supervision and in accepting instructions and responding appropriately to criticism from supervisors. *Id.* Dr. Mohney's opinions, therefore, could not be considered substantial evidence to support the ALJ's RFC determination. *See Carver*, 600 Fed. Appx. at 619. Moreover, the ALJ's RFC

10

determination, which limited Mr. Mills to working with short and simple instructions and only occasional and superficial interaction with the general public and co-workers, did not account for these Section I findings, and also did not account for Dr. Mohney's Section III finding that Mr. Mills requires limits in working without supervision. *Compare* (AR 23) *with* (AR 40-41). As discussed, the Court cannot "turn a blind eye to any moderate limitations enumerated in Section I that are not adequately explained in Section III." *Lee*, 631 Fed. Appx. at 541. Finally, while the ALJ stated that she gave Dr. Mohney's opinions "moderate weight," her implied rejection of some of Dr. Mohney's findings without explanation constitutes legal error. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) ("The ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability."); *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (the standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied). The Court's finding that the ALJ erred in failing to properly consider Dr. Mohney's opinions was not based on the ALJ's "level of articulation," but instead was a finding of legal error and renders the Commissioner's position below unreasonable, especially since this area of law is not "unclear or in flux." *Cherry,* 125 Fed. Appx. at 916 ("When an area of law is unclear or in flux, it is more likely that the government's position will be substantially justified.") (citation omitted). Therefore, the Court finds that the Commissioner's position regarding the ALJ's consideration of Dr. Mohney's opinions was not substantially justified.

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Mr. Mills is entitled to an award of attorney's fees under EAJA. However, the Court will deny Mr. Mills' request in his reply brief for compensation for an additional four hours spent preparing his reply to his motion for attorney fees. (Doc. 30 at 7). This request is improperly raised in a reply brief so the Commissioner did not have an opportunity to respond. Moreover, the Court finds that the amount of attorney fees initially requested in the motion is sufficient compensation.

**IT IS THEREFORE ORDERED** that Mr. Mills' *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, (Doc. 26), be **GRANTED** and that attorney fees in the amount of $6,906.80 be awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and be made payable to Mr. Mills. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATE MAGISTRATE JUDGE